| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

JOHN D. OLSEN §
　　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:15-CV-391
　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　§
　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, John D. Olsen, an inmate confined at the Stevenson Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

For reasons unclear to this Court, petitioner appears to challenge the Magistrate Judge's calculation of the statute of limitations. The Magistrate Judge, however, found the petition timely and ruled on the merits of petitioner's claims except for one which was determined to be

unexhausted. Regardless, contrary to petitioner's belief, the liberal construction given to petitioner's Notice of Appeal and Application for Certificate of Appealability filed October 5, 2015 as an Application for Federal Writ of Habeas Corpus (docket entry no. 1) is what made petitioner's federal writ of habeas corpus timely. Without this liberal construction, petitioner's federal writ would be barred by the statute of limitations. As this Court is uncertain as to what petitioner's objections are relating to the statute of limitations and their applicability in this case, they are overruled.

Petitioner appears to argue he exhausted his claim alleging he was forced to give a blood sample for a warrantless blood test, which was an illegal search and seizure in violation of Due Process, the Fifth Amendment protection against self-incrimination and the Sixth Amendment right to counsel. It is true that the Magistrate Judge granted petitioner's motion to stay his federal petition in order to attempt to exhaust his claims in state court. However, as outlined in the Report and Recommendation, petitioner eventually filed a motion to lift the stay conceding it was futile to exhaust his administrative remedies. The "white cards" returned by the Texas Court of Criminal Appeals on January 10, 2019 do not change that outcome. A review of the white cards shows the Texas Court of Criminal Appeals dismissed petitioner's "motion to leave the lower appeals court and appeal to the Supreme Court of Texas." Under Texas jurisprudence, a dismissal is not a consideration of the merits and is insufficient in the present case to establish exhaustion. *See Ex parte Torres*, 943 S.W.3d 469 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

Petitioner's remaining objections proceed on the merits of the unexhausted claim and are overruled.

To the extent petitioner challenges the Magistrate Judge's findings with respect to petitioner's claim of ineffective assistance of counsel, this objection is overruled. The record establishes the plea was voluntary and counsel's performance in negotiating this plea was not ineffective. As stated by the trial court, even if counsel could have successfully predicted the ultimate ruling by the Court of Criminal Appeals on warrantless blood draws, the absence of the blood alcohol evidence would not have made a difference in the outcome. Petitioner conveniently forgets he told the arresting officer he was drunk and that he had four prior DWI felonies (in addition to six other felonies). Despite this, counsel was able to negotiate a plea agreement that gave petitioner a chance to avoid prison time altogether, when at trial he faced a potential life sentence. Petitioner has failed to show the state court's determination was in conflict with clearly established federal law or "based on an unreasonable determination of the facts in light of the evidence" and this objection is overruled. 28 U.S.C. § 2254(e)(1).

To the extent any objections remain, they are also overruled.

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not

proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issues are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 5th day of February, 2019.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE